**Lynn L. HUDDLESTON,**
**Claimant-Appellant,**

v.

**GITT AND SONS REALTY,**
**Employer-Respondent.**

**No. 48765.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 1985.

Ray B. Marglous, Clayton, for claimant-appellant.

Daniel Steigerwald, St. Louis, for employer-respondent.

PUDLOWSKI, Presiding Judge.

This action involves a denial of compensation issued by the Division of Workmen's Compensation and adopted in full by the Labor and Industrial Relations Commission. We affirm.

The claimant, Lynn Huddleston, was injured on February 24, 1982 while attempting to install handrails in property located at 3952 Pennsylvania Avenue in the City of St. Louis. The property was owned by Jeffrey Gitt. Jeffrey Gitt is a real estate broker licensed through respondent. He is the nephew of the owners of respondent and operates out of their offices. Gitt also helps run the every day operation of respondent.

Frequently, respondent employed claimant to perform specific repair and maintenance services on its various properties. Claimant also performed work on property owned by Jeffrey Gitt. Regardless of the ownership of the property, payment was always by check from respondent. Respondent never withheld any taxes or social security. While working, claimant furnished his own paint brushes, drop cloths and ladders.

On November 17, 1982, respondent named itself as claimant's employer in its Report of Injury concerning the February 24 accident. Also, on September 23, 1983, in its answer to the claim for compensation, respondent admitted that claimant was in its employment under Missouri Compensation Law. However, on December 16, 1983, in its amended answer, respondent specifically denied that claimant was their employee. On March 22, 1984, the Administrative Law Judge denied the claim for compensation on the grounds that (1) claimant was not working for respondent when the accident occurred and (2) claimant was not an employee within the Act's protection but rather was an independent contractor.

**150**

The decision was approved by the Labor and Industrial Relations Commission.

Claimant raised two points on appeal. First, claimant argues that the Commission erred in ruling he was not an employee under Missouri Workmen's Compensation Law, Chapter 287. Second, claimant argues that the Commission erred in ruling he was not an employee of respondent Realty. We need only address claimants first point.

An employer-employee relationship exists if two facts are true: (1) that claimant was in the service of the alleged employer and (2) that such services were controllable by the alleged employer. *Shinuald v. Mound City Yellow Cab Company,* 666 S.W.2d 846, 847 (Mo.App.1984).

In reaching our decision we must view the evidence in light most favorable to the party prevailing below and if the Commission could have reasonably made its findings and reached its result under all of the evidence before it, we should approve the result so reached. *Fisher v. Hennessey,* 329 S.W.2d 225 (Mo.App.1959).

In determining whether claimant was an employee or an independent contractor, the ultimate test is whether respondent had the right to control the method and manner by which the work was done. Jeffrey Gitt testified by deposition that he would telephone claimant, inform him what work needed to be done and claimant would go out and complete the work. Additionally, Gitt testified that claimant was paid by the job and not by the hour. The record supports the determination that Jeffrey Gitt or respondent did not have the right to control the method and manner by which the work was done. Gitt only payed for the final product.

Upon a consideration of the entire record, and all the evidence before it, the Commission could have believed and found that claimant was not an employee of respondent but was an independent contractor within the meaning of the statute.

Judgment affirmed.

CARL R. GAERTNER and KAROHL, JJ., concur.