**In re the ESTATE OF Louise S. PORTER, Deceased.**

**No. 14425.**

Missouri Court of Appeals,
Southern District,
Division One.

July 22, 1986.

C. Ronald Baird, John R. Lightner, Dorr & Baird, P.C., Springfield, for defendants-appellants.

Lynn M. Ewing, Jr., Lynn M. Ewing, III, Ewing, Carter, McBeth, Smith, Gosnell, Vickers & Hoberock, Nevada, for defendants-respondents.

GREENE, Presiding Judge.

On October 12, 1970, Louise S. Porter executed her last will and testament in which she devised her entire estate to her two living sisters, Mrs. Luther J. (Emily) Luckett and Mrs. Ira (Babe) Rix. Three brothers and one sister had predeceased Louise's execution of the will, leaving eleven lineal descendents. Emily died July 7, 1975, leaving a son, Dudley. Babe died September 4, 1979, leaving two daughters, Frances and Helen. Louise died June 20, 1983, leaving no husband or children. The children of Emily and Babe survived Louise, as did the eleven lineal descendents of the brothers and sister who predeceased the execution of Louise's will.

Virginia Schmid Marler, who was appointed personal representative of Louise's estate, filed a petition for construction of the will and determination of heirs. The trial court, after hearing, made findings of fact and conclusions of law in which it determined that the anti-lapse statute, § 474.460, RSMo, was controlling. Based on that determination, it ruled that the lineal descendents of Emily and Babe were entitled to the entire estate. The eleven lineal descendants who predeceased the execution of Louise's will appealed, claiming the will was actually a devise to all of Louise's brothers and sisters as a class, and that the statute should not apply in cases where all devisees predecease the testator.

Section 474.460 is dispositive. It reads: "When any estate is devised to any child, grandchild or other relative of the testator, and the devisee dies before the testator, leaving lineal descendants, the descendants shall take the estate, real or personal, as the devisee would have done if he had survived the testator."[1] Courts should give effect to statutes as written, attributing to the words used their plain and ordinary meaning. *State ex rel. D.M. v. Hoester,* 681 S.W.2d 449, 450 (Mo. banc 1984); *State v. Bachman,* 675 S.W.2d 41, 46 (Mo.App. 1984). Applying the statute as written, the

1. The statute, as quoted, was in effect both when the will was made and when the devisees died. It was amended, effective January 1, 1981, to include a requirement of 120 hours of survival by descendants of deceased devisees for them to benefit from the statute. This preceded the death of Louise, but would not affect the result, and we do not decide which version would apply where that issue would be critical.

trial court could not have reached any conclusion other than what it did.

Appellant's argument that the devise in question evidenced Louise's desire to benefit all members of a class consisting of her closest surviving relatives has no basis in fact or law. Louise's will expresses an obvious intent to leave one-half of her estate to Emily and one-half to Babe. The will's dispositive provision is clear, and there are no conflicting provisions.

The trial court's order is based on a proper declaration and application of law to the undisputed facts and is, therefore, affirmed.

C. DAVID DARNOLD and JAMES R. REINHARD, Special Judges, concur.