Dear Mr. Ferrell:
This opinion is in response to your question asking:
 Does the juvenile court have exclusive original jurisdiction in cases where a sixteen year old juvenile has violated the state driving while intoxicated law (577.010, RSMo) by committing a first offense of driving while intoxicated, or is driving while intoxicated considered a state "traffic offense" for the purposes of Section 211.031(3) so that the juvenile court would not have jurisdiction over the sixteen year old juvenile?
Section 211.031.1, RSMo Supp. 1984, provides in part:
 Juvenile court to have exclusive jurisdiction when — exceptions. — 1. Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:
* * *
 (3) Involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years, in which cases jurisdiction may be taken by the court of the circuit in which the child or person resides or may be found or in which the violation is alleged to have occurred; except that, the juvenile court shall not have jurisdiction over any child sixteen years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony;
[Emphasis added.]
* * *
Section 577.010, RSMo Supp. 1984, provides:
 Driving while intoxicated. — 1. A person commits the crime of "driving while intoxicated" if he operates a motor vehicle while in an intoxicated or drugged condition.
 2. Driving while intoxicated is for the first offense, a class B misdemeanor. No person convicted of or pleading guilty to the offense of driving while intoxicated shall be granted a suspended imposition of sentence for such offense, unless such person shall be placed on probation for a minimum of two years.
The central issue becomes, is driving while intoxicated a violation of a state traffic ordinance or regulation for purposes of Section 211.031.1, RSMo Supp. 1984? Chapter 211, RSMo, does not define "traffic ordinance or regulation", nor do Chapters 300 through 304, RSMo, dealing with motor vehicles. Therefore, we look to the plain and ordinary meaning of the words to determine the intent of the legislature. State exrel. D.M. v. Hoester, 681 S.W.2d 449 (Mo. 1984); State v.Adkins, 678 S.W.2d 855 (Mo.App. 1984).
It is the opinion of this office that the legislature intended a first offense driving-while-intoxicated violation to be included in the phrase "traffic ordinance or regulation". While this violation does not appear within the statutory scheme with other traffic violations, it is important to note that a person can only commit "the crime of `driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition". (Emphasis added.) Section 577.010, RSMo Supp. 1984. Likewise, Section 302.302.1(7), RSMo Supp. 1984, includes the offense of driving while intoxicated in its point system scheme for suspension and revocation of chauffeurs' and operators' licenses. This conclusion is consistent with our views expressed in Opinion No. 181, Limbaugh, 1980, a copy of which is enclosed, wherein we concluded that the procedures set out in Section 577.050, RSMo (now repealed), are applicable to sixteen-year-old juvenile offenders. See also State v.Blatnik, 478 N.E.2d 1016 (Ohio App. 1984) wherein the court concluded the prohibition against driving while under the influence of alcohol under the Ohio statutes is a "traffic offense".
CONCLUSION
A sixteen-year-old juvenile arrested for a first offense of driving while intoxicated (Section 577.010, RSMo Supp. 1984) is not within the exclusive original jurisdiction of the juvenile court because a first offense of driving while intoxicated is a state traffic ordinance or regulation, the violation of which does not constitute a felony.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 181, Limbaugh, 1980