Dear Speaker Griffin:
This opinion is in response to your questions asking:
 a. Are members of the Health and Educational Facilities Authority of the State of Missouri covered under the provisions of the State Legal Expense Fund (Section 105.710 et seq.)?
 b. Does the maximum coverage specified in the State Legal Expense Fund (i.e. $800,000 per occurrence/$100,000 per claimant) apply to claims against members of the state boards or commissions for liability for breach of duty, neglect, error, misstatement or misleading statement, omission or other act arising out of and performed in connection with their official duties or only to judgments that arise under Sections 537.600 to 537.610 RSMo involving damages arising out of the operation of motor vehicles, injuries to property or personal injury tort claims?
The Health and Educational Facilities Authority of the State of Missouri was created by the legislature as "a body politic and corporate" and constitutes "a public instrumentality and body corporate." Section 360.020, RSMo 1986. The exercise of its statutory powers are "deemed and held to be the performance of an essential public function." Section 360.020, RSMo 1986. It is "declared to be performing a public function in behalf of the state and to be a public instrumentality of the state." Sections 360.085 and 360.135, RSMo 1986. The authority is assigned to the Office of Administration and must annually file a report on its income, expenditures and revenue bonds issued and outstanding with that office. Section 360.140, RSMo 1986. The proceedings and actions of the authority must comply with "all statutory requirements respecting the conduct of public business by a public agency." Section 360.025, RSMo 1986. The funds of the authority out of which the authority pays expenses and pays back bonds issued by it do not come from the state but from the operations of the authority. Sections360.080 and 360.090, RSMo 1986.
The authority consists of seven members who are appointed by the governor for a set term of years and who can be removed by the governor for "misfeasance, malfeasance, willful neglect of duty, or other cause after notice and public hearing . . . ." Section 360.020, RSMo 1986. The members receive no compensation except for reimbursement from the authority's funds for all necessary expenses incurred in the discharge of their duties. Section 360.025, RSMo 1986. Section 360.030, RSMo 1986, requires that a chairman, vice-chairman, secretary and treasurer be selected by the members and sets forth their duties.
Section 105.711.2, RSMo 1986, states:
 2. Moneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against:
 (1) The state of Missouri, or any agency thereof, pursuant to section 537.600, RSMo; or
 (2) Any officer or employee of the state of Missouri or any agency thereof, including, without limitation, elected officials, appointees, members of state boards or commissions and members of the Missouri national guard upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency thereof, . . .
In interpreting the statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain meaning of the statutory language is to be given effect wherever possible. State ex rel. D.M. v.Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984). The statute may also be interpreted by examining its purpose, the nature of the problems sought to be remedied by its enactment, and the circumstances and conditions existing at the time of enactment.Sermchief v. Gonzales, 660 S.W.2d 683, 688 (Mo. banc 1983).
The above description of the authority and its members demonstrates that the authority is a "state board or commission" and that its members are "officers of the state" in the broad meaning which must be given to those terms as used in Section105.711.2, RSMo 1986. That section is written in broad, all inclusive language indicative of the intent of the legislature to allow officials who have the obligation to carry out public duties to do so without fear of incurring claims and lawsuits for money damages and the expenses associated with defending against such actions. Jackson v. Wilson, 581 S.W.2d 39, 45
(Mo.App., W.D. 1979) ("Thus, the plain, unadulterated thrust of the Tort Defense Fund [Section 105.710, RSMo Supp. 1975] was to give greater not less protection to certain named state officials from the consequences of acts performed by them during the course of their official duties.") and In Re 1983 Budgetfor the Circuit Court of St. Louis County, 665 S.W.2d 943,944-945 (Mo. banc 1984) ("The [Legal Expense] Fund supplants the former Tort Defense Fund, extending coverage to a broader range of state employees than that afforded by the Tort Defense Fund."). Furthermore, coverage by the Legal Expense Fund also obviates the need to expend the authority's funds for defense and payment of claims, allowing the authority's funds to be spent on expenses more directly related to the authority's public functions. Id. at 945.
The second question is whether the $800,000/$100,000 limits established in Section 105.711.4 apply to claims and judgments against the members of the authority. This is a matter pertaining to litigation presently pending involving the Legal Expense Fund. Therefore, this office declines to render an opinion on the second question.
It is the opinion of this office that the provisions of the Legal Expense Fund, Sections 105.711 to 105.726, RSMo 1986, are applicable to the members of the Health and Educational Facilities Authority of the State of Missouri.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General