Dear Representative Marriott:
This opinion is in response to your question concerning the purchase of retirement credit for military service. Your request for our opinion states:
 House Bill 1496 passed in 1986 made numerous changes in the statutes governing retirement of public officials including a new section (104.340.12) allowing certain members of the Missouri State Employees Retirement System (MOSERS) to purchase up to 2 years of military service credit. This purchase is to be effected by the member paying to MOSERS, with interest, an amount equal to what the state would have paid on his behalf. Once the amount is determined, it could be paid to MOSERS over a period of up to 2 years with interest on the unpaid balance.
 There has been a great deal of confusion as to how the interest on the original amount due is to be calculated. I would appreciate your review of this situation and your opinion as to how and on what period this interest should be calculated.
Section 104.340.12, RSMo 1986, provides:
 12. Any member who had served in the armed forces of the United States prior to becoming a member, or who is otherwise ineligible under subsection 1 of this section, and who became a member within eight years after his discharge under honorable conditions may elect, within five years after membership or within six years from August 13, 1986, whichever is later, and prior to retirement, to purchase creditable prior service equivalent to such service in the armed forces, but not to exceed two years, provided he is not receiving and is not eligible to receive retirement credits or benefits from any other public or private retirement plan for the service to be purchased, and an affidavit so stating shall be filed by the member with the retirement system. The purchase shall be effected by the member's paying to the retirement system with interest, an amount equal to what would have been contributed by the state in his behalf had he been a member for the number of years for which he is electing to purchase credit and had his compensation during such period of membership been the same as the annual salary rate at which he was initially employed as a member, with the calculations based on the contribution rate in effect on the date of election to purchase credit.
The payment shall be made over a period of not longer than two years, measured from the date of election, and with interest on the unpaid balance. Payments made for such creditable prior service under this subsection shall be treated by the retirement system as would contributions made by the state and shall not be subject to any prohibition on member contributions or refund provisions in effect at the time of enactment of this subsection.
(Emphasis added.)
In interpreting the statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain meaning of the statutory language is to be given effect wherever possible. State ex rel. D.M. v.Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984). The statute may also be interpreted by examining its purpose, the nature of the problems sought to be remedied by its enactment, and the circumstances and conditions existing at the time of enactment.Sermchief v. Gonzales, 660 S.W.2d 683, 688 (Mo. banc 1983). It is apparent from the plain language of Section 104.340.12 that it was legislative intent to charge interest both for some time period prior to the date of the election to purchase credit and also on any unpaid balance after the date of such election.
To properly determine the amount which must be paid in order to effect a purchase of military service as creditable prior service for the purpose of computing retirement benefits payable to the members, Section 104.340.12 establishes certain definite criteria. The amount is to be based upon:
 1. "the number of years for which he is electing to purchase credit" — If the employee is purchasing two years of military service as creditable prior service, then the amount is based upon what the state would have contributed for a two-year period.
 2. "the annual salary rate at which he was initially employed as a member" — We interpret this phrase as referring to the annual salary rate on the date the employee was initially employed so as to be a member of the retirement system. The computation of the amount which must be paid to effect a purchase of military service as creditable prior service presumes this to be the salary during the time period for which creditable prior service is being purchased. For example, if the initial salary of an employee upon becoming a member of the retirement system is $2,000 per month, the computation presumes the employee's salary remained at $2,000 per month during the time period for which creditable prior service is being purchased.
 3. "the contribution rate in effect on the date of election to purchase credit" — This is the percentage rate the state is contributing for retirement purposes as of the date the employee files with the retirement system his election to purchase credit.
 4. "with interest" as contained in the phrase "the member's paying to the retirement system with interest, an amount equal . . . ." — In order to insure proper funding of retirement benefits, the state must make a contribution to the retirement system based on payroll figures for the individuals working for the state and the contribution is invested by the system to earn interest or other income to insure proper accrual of funds to guarantee availability of sufficient funds at the time of an individual's retirement. Bearing in mind how contributions and the income produced are utilized to produce necessary funds at the time of retirement, it is apparent the payment made to buy credit for military service must, of necessity, include an interest payment and Section 104.340.12 so provides. Had the employee's state service been funded in the normal course of events, that funding would have earned income throughout the period and it is reasonable to assume that the period being purchased should be treated as being attached to the beginning of that person's state service. This is particularly true since the statutory computation rate is based on "the annual salary rate at which he was initially employed." Therefore, we conclude that the amount computed should bear interest at least from the date that the employee was employed by the state after leaving military service.
 5. "with interest on the unpaid balance" — If the employee does not pay the required amount at the time of filing with the retirement system his election to purchase credit, the employee is to pay interest upon any unpaid balance, much like an interest-bearing installment note.
CONCLUSION
When purchasing creditable prior service as a state employee for military service, the amount of payment computed is to bear interest at least from the date that the employee was employed by the state after leaving military service and, if the employee does not pay the required amount at the time of filing his election to purchase credit with the retirement system, the employee is to pay interest upon any unpaid balance.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General