Dear Mr. Dally:
This opinion is in response to your question asking:
 Provided that a municipality has enacted the necessary ordinance required by Section 70.820, RSMo 1986, once a municipal police officer responds to an emergency situation outside the boundaries of the municipality, does that officer have arrest power for violations of state law and/or violations of municipal ordinances?
Section 70.820, RSMo 1986 provides:
 70.820. Authority of peace officers to respond to emergencies outside jurisdiction, emergency situation defined. — 1. Any peace officer of a county or a peace officer of any political subdivision who has completed the basic police training program as promulgated by chapter 590, RSMo, shall have the authority to respond to an emergency situation outside the boundaries of the political subdivision from which he derives his authority.
 2. Before a municipal police officer shall have the authority to respond to an emergency situation outside the boundaries of the municipality from which the officer derives his authority pursuant to subsection 1 of this section, the authority shall be first authorized by ordinance by the governing body of the municipality.
 3. As used in this section, "emergency situation" means any unforeseen combination of circumstances or events involving danger or imminent danger to human life or property which requires immediate action.
Section 70.820 authorizes "[a]ny peace officer of a county or a peace officer of any political subdivision who has completed the basic police training program as promulgated by chapter 590, RSMo, [to] have the authority to respond to an emergency situation outside the boundaries of the political subdivision from which he derives his authority." Section 70.820 goes on to require that a municipal police officer must first be authorized to respond to emergency situations outside the boundaries of the municipality by ordinance of the governing body of said municipality. The section also defines "emergency situation" for purposes of the statute.
Section 70.815, RSMo 1986, authorizes contracts between political subdivisions for the provision of police services by one to the other. Such section provides:
 70.815. Political subdivisions may provide police service for other political subdivisions — powers of arrest and immunity — definitions. — 1. As used in this section:
 (1) "Governing body" means the board, body, council, or persons in which the powers of a political subdivision as a body corporate, or otherwise, are vested;
 (2) "Political subdivision" means any agency or unit of this state empowered by law to maintain a law enforcement agency.
 2. The governing body of any political subdivision may by ordinance, order or other ruling enter into a contract or agreement with any other political subdivision for the provision of police services by one political subdivision to another on request. The scope of the agreement may be general or specific, and may or may not provide for compensation for such services. Officers providing police services in another jurisdiction pursuant to such an agreement shall have the same powers of arrest as officers of the requesting political subdivision, and shall have the same immunity as if acting within their own jurisdiction.
Section 544.216, RSMo 1986, outlines the powers of arrest. Such section provides:
 544.216. Powers of arrest — arrest without warrant, on suspicion persons violating any law of state including misdemeanors and ordinances, exception. — Any sheriff or deputy sheriff, any member of the Missouri state highway patrol, and any county or municipal law enforcement officer in this state, except those officers of a political subdivision or municipality having a population of less than two thousand persons or which does not have at least four full-time nonelected police officers unless such subdivision or municipality has elected to come under and is operating under the provisions of sections 590.100 to 590.150, RSMo, may arrest on view, and without a warrant, any person he sees violating or who he has reasonable grounds to believe has violated any law of this state, including a misdemeanor, or has violated any ordinance over which such officer has jurisdiction. The power of arrest authorized by this section is in addition to all other powers conferred upon law enforcement officers, and shall not be construed so as to limit or restrict any other power of a law enforcement officer.
In interpreting Section 70.820, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain meaning of the statutory language is to be given effect wherever possible. State ex rel. D. M. v. Hoester,681 S.W.2d 449, 450 (Mo. banc 1984).
On its face, Section 70.820 does not purport to grant any municipal police officer any broader powers of arrest than those provided for in Section 544.216. While Section 544.216 provides that a municipal law enforcement officer may arrest when he/she has seen a violation of state law or when he/she "has reasonable grounds to believe" there has been a violation of state law, section 544.216 only authorizes a municipal law enforcement officer to arrest for a violation of a municipal ordinance where said violation occurred within that officer's jurisdiction.Rustici v. Weidemeyer, 673 S.W.2d 762 (Mo. banc 1984). Thus a municipal police officer may arrest for violations of state law when responding to an emergency situation outside the limits of the municipality pursuant to Section 70.820, but may not arrest for violations of municipal ordinances. (This conclusion assumes that the municipality has enacted the ordinance required by Section 70.820 and that the municipal police officers have completed the basic police training program promulgated by Chapter 590, RSMo.)
A municipal police officer could arrest for violations or suspected violations of a municipal ordinance in another jurisdiction if the governing bodies of both political subdivisions have entered into a contract or agreement as described in Section 70.815. That section does specifically provide that "[o]fficers providing police services in another jurisdiction pursuant to such an agreement shall have the same powers of arrest as officers of the requesting political subdivision, and shall have the same immunity as if acting within their own jurisdiction." In instances of responding to an emergency situation where the governing bodies of both political subdivisions have entered into such a contract or agreement, the municipal police officers could arrest not only for violations of state law, but also for violations of municipal ordinances of the municipality in which the emergency situation occurs.
CONCLUSION
It is the opinion of this office that a municipal police officer responding to an emergency situation outside the limits of the municipality pursuant to Section 70.820, RSMo 1986 does have arrest powers for violations of state law, but does not have arrest powers for violations of municipal ordinances.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General