Dear Mr. Koupal:
This opinion is in response to your questions asking:
 I. To what extent, if any, do the provisions of section 610.021(1) RSMo as contained in House Committee Substitute for Senate Substitute for Senate Bill No. 2 require a public governmental body to make public votes taken in a properly closed meeting.
 a. a vote is taken to close (i.e., terminate without action) an investigation of a formal complaint which has been filed with a licensing board and properly logged as a complaint pursuant to the provisions of section 620.010.15(6) RSMO 1986 when the meeting was closed to the public under section 610.021(14) to discuss investigatory reports as provided for in section 620.010.14(7) RSMO 1986?
 b. a vote is taken in a meeting closed to the public under section 610.021(1) to accept a settlement proposal or compromise of a matter pending in litigation, including disciplinary actions pending before the Missouri Administrative Hearing Commission, when the vote so taken would act as a final disposition of the matter?
 II. Do the provisions of section 610.021(1) require that, upon final disposition of a legal action, cause of action or litigation involving a public governmental body, particularly a state licensing board, all votes taken during sessions closed under section 610.021(1) regarding that subject matter in any respect be made public?
 III. Does the term "employee" as it is used in section 610.021(3) include independent contractors of a licensing board such as consultants who are used by a Board to investigate complaints?
In 1987, House Committee Substitute for Senate Substitute for Senate Bill No. 2, 84th General Assembly, First Regular Session was enacted revising Chapter 610, RSMo, known as The Sunshine Law. The provisions of the bill are now set forth in RSMo Supp. 1987. The key provisions of Senate Bill No. 2 that apply to your questions are Sections 610.011 and 610.021.
Section 610.011 announces that it is the "public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law." That section further provides that exceptions must be strictly construed to promote that policy.
Section 610.021 provides for 15 categories of meetings, records, and votes which may be closed. Pertinent to your first question are subsections (1), (5), (6), and (14).
Section 610.021(1) provides:
 Legal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and its attorneys. However, any vote relating to litigation involving a public governmental body shall be made public upon final disposition of the matter voted upon provided however, in matters involving the exercise of the power of eminent domain, the vote shall be announced or become public immediately following the action on the motion to authorize institution of such a legal action. Legal work product shall be considered a closed record;
Any vote relating to litigation in a meeting closed under this subsection is to be made public upon final disposition of the matter voted upon except in certain instances not relevant to your questions.
Section 610.021(14) allows public governmental bodies to close "[r]ecords which are protected from disclosure by law." Section 620.010.14(7), RSMo 1986, provides:
 All educational transcripts, test scores, investigatory reports, and personal records of any board or commission are confidential and may not be disclosed to the public or any member of the public, except with the written consent of the person whose records are involved. Provided, however, that any board may disclose confidential information without the consent of the person involved in the course of voluntary interstate exchange of information, or in the course of any litigation concerning that person, or pursuant to a lawful request, or to other administrative or law enforcement agencies acting within the scope of their statutory authority. Information regarding identity, including names and addresses, registration, and currency of the license of the persons possessing licenses to engage in a professional occupation and the names and addresses of applicants for such licenses is not confidential information.
Under the provisions of Section 610.021(14) which, in effect, incorporates Section 620.010.14(7), reports prepared for licensing boards concerning pending investigations are confidential. There is no requirement in Section 610.021(14) or Section620.010.14(7) that the vote to close the investigation be made public.
A board may close a meeting under Section 610.021(5) or (6) under certain circumstances. Subsection (5) provides: "Nonjudicial mental or physical health proceedings involving identifiable persons, including medical, psychiatric, psychological, or alcoholism or drug dependency diagnosis or treatment." Subsection (6) provides:
 Scholastic probation, expulsion, or graduation of identifiable individuals, including records of individual test or examination scores, however, personally identifiable student records maintained by public educational institutions shall be open for inspection by the parents, guardian or other custodian of students under the age of eighteen years and by the parents, guardian or other custodian and the student if the student is over the age of eighteen years;
There are no provisions for making public votes taken in sessions discussing these matters. We recognize that licensing boards may close meetings under either of these subsections under appropriate circumstances.
The plain meaning of the statutory language is to be given effect whenever possible. State ex rel. D. M. v. Hoester,681 S.W.2d 449, 450 (Mo. banc 1984). Moreover, legislative intent must be ascertained by giving effect to the plain language of the statute when viewed as a whole. A. B. v. Frank,657 S.W.2d 625, 628 (Mo. banc 1983).
Based upon the statutory language, we conclude that when a vote is taken to close an investigation prior to the filing of a complaint with the Administrative Hearing Commission, and the vote is taken in a meeting closed pursuant to Section610.021(14), there is no requirement that the vote to close the investigation be made public. When a vote is taken in a meeting closed under Section 610.021(1) to accept a settlement proposal or compromise a matter in litigation, including matters before the Administrative Hearing Commission, and that vote finally disposes of the matter, all votes relating to that litigation taken after September 28, 1987 (the effective date of Senate, Bill No. 2) shall be made public.
Licensing boards must be mindful that they may not utilize the provisions of Section 610.021(14) to subvert the intent of the legislature, as stated in Section 610.011. If a matter is related to legal action, cause of action, or litigation and the board closes a meeting, record, or vote pursuant to that subsection, all votes relating to that litigation taken after the effective date of Senate Bill No. 2 (September 28, 1987) "shall be made public upon final disposition of the matter voted upon." It would not be proper to close a meeting under other subsections to avoid the provisions in Section 610.021(1).
Your third question asks whether the term "employee," as used in Section 610.021(3), includes independent contractors such as consultants who assist licensing boards in investigating complaints. Subsection (3) provides:
 Hiring, firing, disciplining or promoting an employee of a public governmental body. However, any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a public governmental body must be made available to the public within seventy-two hours of the close of the meeting where such action occurs; provided, however, that any employee so affected shall be entitled to prompt notice before such decision is made available to the public;
A fundamental tenet of statutory construction is that words used in statutes are to be considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers, Beiser v. Parkway School District, 589 S.W.2d 277,280 (Mo. banc 1979); Bartley v. Special School District of St.Louis County, 649 S.W.2d 864, 867 (Mo. banc 1983); andHoester, supra, and when a statute is plain and unambiguous, there is no room for construction and it must be applied by the courts as it was written by the legislature. United Air Lines,Inc. v. State Tax Commission, 377 S.W.2d 444, 448 (Mo. banc 1964).
The question is what constitutes an "employee" within the meaning of this statutory provision. Cases have addressed this issue in the area of workers compensation. A person who is engaged in the business of installation, maintenance, and repair of equipment and who holds himself out independently as available for employment by any person or company having need of his services was considered an independent contractor and not an employee of the entity which he contracted with for his services, Feldewerth v. Great Eastern Oil Co., 149 S.W.2d 410
(Mo.App. 1941). In deciding whether an individual is an employee "the ultimate test is whether [the hiring entity] had the right to control the method and manner by which the work was done." Huddleston v. Gitt and Sons Realty, 708 S.W.2d 149,150 (Mo.App. 1985). When licensing boards use consultants to investigate complaints, such consultants would not be employees as that term is used in Section 610.021(3).
Conclusion
It is the opinion of this office that (1) when a vote is taken by a state licensing board to close an investigation prior to the filing of a complaint with the Administrative Hearing Commission and the vote is taken in a meeting closed pursuant to Section 610.021(14), RSMo Supp. 1987, there is no requirement that the vote to close the investigation be made public, (2) when a vote is taken by a state licensing board in a meeting closed under Section 610.021(1), RSMo Supp. 1987, to accept a settlement proposal or compromise a matter in litigation, including a matter before the Administrative Hearing Commission, and that vote finally disposes of the matter, all votes relating to that litigation taken after September 28, 1987, shall be made public, and (3) when state licensing boards use consultants to investigate complaints, such consultants are not employees as that term is used in Section 610.021(3), RSMo Supp. 1987.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General