Dear Mr. Seek:
This opinion is in response to your question asking:
 Should a candidate for election to the board of directors of a county ambulance district organized pursuant to Chapter 190 RSMo file his declaration of candidacy with the county clerk or with a person designated by the board of the district?
In Missouri Attorney General Opinion Letter No. 156, Port, 1974, this office addressed the same issue. In that opinion this office determined that the provisions of Section 190.050, RSMo in effect at that time, applied only to the filing requirements for candidates to the initial board of directors. Thus, the opinion concluded that in subsequent elections, declarations of candidacy should be filed with the board of the district. Because of changes in Section 190.050 subsequent to the 1974 opinion, we are now withdrawing that opinion.
Section 190.050, RSMo 1986, provides in part:
 190.050. Election districts, how established — election of directors, terms, qualifications — exception (excludes Jefferson County from having districts). — 1. . . . The county commission shall cause an election to be held in the ambulance district within ninety days after the order establishing the ambulance district to elect ambulance district directors. . . . The directors elected from districts one and four shall serve for a term of one year, the directors elected from districts two and five shall serve for a term of two years, and the directors from districts three and six shall serve for a term of three years; thereafter, the terms of all directors shall be three years. All directors shall serve the term to which they were elected or appointed, and until their successors are elected and qualified, except in cases of resignation or disqualification. . . .
 2. In all counties of the second class having more than one hundred five thousand inhabitants located adjacent to a county of the first class having a charter form of government which does not contain any part of a city of over four hundred fifty thousand inhabitants, the voters shall vote for six directors elected at large from within the district for a term of three years. Those directors holding office in any district in such a county on August 13, 1976, shall continue to hold office until the expiration of their terms, and their successors shall be elected from the district at large for a term of three years. In any district formed in such counties after August 13, 1976, the governing body of the county shall cause an election to be held in that district within ninety days after the order establishing the ambulance district to elect ambulance district directors. Each voter shall vote for six directors. The two candidates receiving the highest number of votes at such election shall be elected for a term of three years, the two candidates receiving the third and fourth highest number of votes shall be elected for a term of two years, the two candidates receiving the fifth and sixth highest number of votes shall be elected for a term of one year; thereafter, the term of all directors shall be three years.
 3. A candidate for director of the ambulance district shall, at the time of filing, be a citizen of the United States, a qualified voter of the election district as provided in subsection 1 of this section, a resident of the state for one year next preceding the election, and shall be at least twenty-one years of age. A candidate shall file his declaration of candidacy with the county clerk of the county in which he resides. A candidate shall file a statement under oath that he possesses the required qualifications. No candidate's name shall be printed on any official ballot unless the candidate has filed a written declaration of candidacy by 5:00 p.m. on the eighth Tuesday prior to the election. (Emphasis added.)
In interpreting a statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain meaning of the statutory language is to be given effect whenever possible. State ex rel. D.M. v. Hoester,681 S.W.2d 449, 450 (Mo. banc 1984). Based on the provisions of Section 190.050, RSMo 1986, now in effect, we conclude that such section now applies to all elections of ambulance district board members, not simply the initial election of board members. In particular, it should be noted that subsection 2 of this statute makes reference to the election of successor board members in particular counties. Also, subsection 3 no longer refers to "the special election" as it did in 1974. Instead, that subsection now refers simply to "the election" which implies that it pertains to all elections, not simply the first one. Moreover, subsection 3 also now includes the following language: "No candidate's name shall be printed on any official ballot unless. . . ." (Emphasis added.) Implicit in the use of the term "any official ballot" is the idea that it includes more than just the ballot used in the initial election. The word "any" is all comprehensive and the equivalent to "every." State ex rel.Randolph County v. Walden, 206 S.W.2d 979, 983 (Mo. banc 1947). Having concluded such section now applies to all elections of ambulance district board members, not simply the initial election of board members, pursuant to that section a candidate shall file his declaration of candidacy with the county clerk.
Conclusion
It is the opinion of this office that pursuant to Section190.050, RSMo 1986, a candidate for election to the initial or subsequent board of directors of an ambulance district should file his declaration of candidacy with the county clerk.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General