Dear Mr. Sifferman:
This opinion is in response to your question asking:
 Is a notary public permitted to assist a person in voting their ballots upon request of a voter who is physically incapable of voting his own ballot?
We understand your question relates to voting by absentee ballot.
Under prior Missouri law (Section 112.050, repealed by the Comprehensive Election Act of 1977), the voter of an absentee ballot was required to mark his or her ballot in the presence of an officer authorized by law to administer oaths. The prior statute specified that the voter exhibit the unmarked ballot to the officer and in the presence of the officer, mark the ballot in a manner that the officer could not see the ballot or know how it was marked. The prior statute made no provision for voters who were blind, unable to read or write the English language, or otherwise disabled. Based on the language of the prior statute, this office opined in Opinion No. 283, Beckerle, October 20, 1972 and in Opinion No. 96, White, August 20, 1954, that it would be improper for the notary public who notarized the absentee ballot to assist in the marking of the ballot.
The current statute on absentee voting, Section 115.291, RSMo 1986, provides:
 115.291. Absentee ballot, how voted — unlawful assistance an election offense. — 1. Upon receiving an absentee ballot, the voter shall mark his ballot in secret, place the ballot in the ballot envelope, seal the envelope and fill out the statement on the ballot envelope. The affidavit of each person voting an absentee ballot shall be subscribed and sworn to before the election official receiving the ballot, a notary public or other officer authorized by law to administer oaths. If the voter is blind, unable to read or write the English language, or physically incapable of voting his ballot, he may be assisted by a person of his own choosing. Any person assisting a voter who is not entitled to such assistance, and any person who assists a voter and in any manner coerces or initiates a request or a suggestion that the voter vote for or against or refrain from voting on any question, ticket or candidate, shall be guilty of a class one election offense. If, upon counting, challenge or election contest, it is ascertained that any absentee ballot was voted with unlawful assistance, the ballot shall be rejected.
 2. Each absentee ballot shall be returned to the election authority in the ballot envelope and shall only be returned by the voter in person, by mail or by a team of deputy election authorities.
Unlike the prior statute, there is no specific requirement that the officer not see how the ballot is marked. More importantly, the present statute provides that if a voter is "blind, unable to read or write the English language, or physically incapable of voting his ballot, he may be assisted by a person of his own choosing." The plain language of the current statute makes it clear that a notary public is no less authorized to give such assistance than any other person the voter might choose. In determining legislative intent, a statute's language is to be considered in its plain and ordinary meaning. State ex rel. D.M. v. Hoester, 681 S.W.2d 449, 450
(Mo. banc 1984); State v. Kraus, 530 S.W.2d 684, 685 (Mo. banc 1975). The current statute is unambiguous, and in no way suggests that a notary public is prohibited from assisting voters entitled to such assistance. In light of the statutory change, we are withdrawing Opinion No. 283, Beckerle, October 20, 1972 and Opinion No. 96, White, August 20, 1954.
CONCLUSION
It is the opinion of this office that under Section115.291, RSMo 1986, a notary public, or any other person of the voter's choice, may assist a voter in voting his absentee ballot if the voter is blind, unable to read or write the English language or physically incapable of voting his ballot.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General