Dear Director Koupal:
This opinion is in response to your questions asking:
 I. Does the term "duly chartered educational institution" as it is used in Section 345.025.1(1) include all corporations chartered by the Missouri Secretary of State which includes educational services or instructional services in its statement of purpose? For example does this refer to preschool entities, day care centers and rehabilitation centers, who are primarily custodial but have included educational or instructional terms in their charters?
 II. Does the term "in the employ of" as it is used in Section 345.025.1 include independent contractors providing services for federal, state, county or municipal agencies of duly chartered educational institutions?
Chapter 345, RSMo, is the Licensure Act for Professional Speech Pathologists and Professional Clinical Audiologists. Section 345.025, RSMo 1986, lists persons exempt from the licensure requirements of Chapter 345. Subsection 1(1) of such section provides:
 345.025. Persons exempted from the provisions of this chapter. — 1. The provisions of this chapter do not apply to:
 (1) The activities, services, and the use of an official title on the part of a person in the employ of a federal, state, county, or municipal agency, or a duly chartered educational institution insofar as such services are part of the duties of his office or position with such agency or institution; [Emphasis added.]
* * *
In order to answer your first question, it must be determinated what constitutes a duly chartered educational institution. Cases have held that an educational institution is one where "education is the primary function of the institution". Kneeland v. National Collegiate AthleticAssociation, 650 F. Supp. 1076, 1090 (W.D. Tex. 1986), rev'd on other grounds 850 F.2d 224 (5th Cir. 1988), cert. denied109 S.Ct. 868 (1989); LaManna v. Electrical Workers Local Union No.474, 518 S.W.2d 348, 352 (Tenn. 1974). Institutions where educational or instructional services were incidental to their primary function have been held not to be an educational institution for purposes of disclosure of student records and tax exemptions. See Kneeland v. National Collegiate AthleticAssociation, supra; LaManna v. Electrical Workers LocalUnion No. 474, supra.
We conclude that to be a duly chartered educational institution for purposes of Section 345.025.1(1), education must be the primary function of the institution. Merely including educational services or instructional services in its statement of purposes in its charter is not sufficient to bring the institution within the exemption provided in Section345.025.1(1). Therefore, preschool entities, day care centers and rehabilitation centers which are primarily custodial but include educational or instructional terms in their charters are not "duly chartered educational institutions" for purposes of Section 345.025.1(1).
In response to your second question, the phrase "in the employ of" does not include independent contractors. That is because the term, as it is used in the statute, implies an employee/employer relationship which is distinct from a person who is an independent contractor. The difference is found in the amount of direction and control exercised by an independent contractor as opposed to that exercised by an employee. An independent contractor is paid for a final product; however, the method, hours and materials implemented to arrive at that final product remain with the discretion of the independent contractor. Huddleston v. Gitt and Sons Realty, 708 S.W.2d 149
(Mo.App. 1985); Handley v. State, Division of EmploymentSecurity, 387 S.W.2d 247 (Mo.App. 1965). Therefore, persons who are independent contractors are not exempt under the provisions of Section 345.025.1(1).
CONCLUSION
It is the opinion of this office that: (1) the phrase "duly chartered educational institution" as used in Section345.025.1(1), RSMo 1986, does not include preschool entities, day care centers and rehabilitation centers which are primarily custodial but include educational or instructional terms in their charters, and (2) the phrase "in the employ of" as used in Section 345.025.1(1) does not include independent contractors.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General