Dear Representative Ortwerth:
This opinion letter is in response to your questions regarding the compensation of county officials. The questions you posed are as follows:
 1. If a first-class noncharter salary commission met in 1988 and established compensation at 100% of the maximum permitted under the appropriate step found in Section 50.343 RSMo, and it meets in 1989 when the county's assessment value has risen to the next step, is the maximum allowable compensation the amount in the next step or may the commission increase compensation without regard to any maximum limitation?
 2. Under Section 50.343 RSMo, should the compensation of first-class noncharter elected officials be reduced for not completing 20 hours of classroom instruction each calendar year?
We understand your questions relate to St. Charles County.
Section 50.343, RSMo Supp. 1988, provides:
 50.343. Compensation of certain officers, how computed (St. Charles, Jefferson and Greene counties). — Other provisions of law to the contrary notwithstanding, in any first class nonchartered county not containing any part of a city with a population of three hundred thousand or more, the annual salary of a county recorder of deeds, clerk, auditor, county commissioner, collector, treasurer or assessor shall be computed on an assessed valuation basis as set forth in the following schedule. The assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. The provisions of this section shall permit a reduction in the amount of compensation received by any person holding office as of May 13, 1988. Any person elected or appointed to the office of county recorder of deeds, clerk, auditor, county commissioner, collector, treasurer, or assessor in any first class nonchartered county not containing any part of a city with a population of three hundred thousand or more, after May 13, 1988, shall devote full time to the duties of the office.
 (1) For a recorder of deeds, clerk, auditor, presiding commissioner, collector, treasurer, or assessor:
 Assessed Valuation Salary 875,000,001 to 950,000,000 $37,000 950,000,001 to 1,000,000,000 38,000 1,000,000,001 to 1,025,000,000 38,500 1,025,000,001 to 1,050,000,000 39,000 1,050,000,001 to 1,075,000,000 39,500 1,075,000,001 to 1,100,000,000 40,000 1,100,000,001 to 1,200,000,000 40,500 1,200,000,001 to 1,300,000,000 41,000 1,300,000,001 to 1,400,000,000 41,500 1,400,000,001 to 1,500,000,000 42,000 1,500,000,001 to 1,600,000,000 42,500 1,600,000,001 to 1,700,000,000 43,000 1,700,000,001 to 1,800,000,000 43,500 1,800,000,001 to 1,900,000,000 44,000 1,900,000,001 to 2,000,000,000 44,500 2,000,000,000 or more 45,000
(2) For an associate commissioner:
 Assessed Valuation Salary 875,000,001 to 950,000,000 $27,000 950,000,001 to 975,000,000 27,500 975,000,001 to 1,000,000,000 28,000 1,000,000,001 to 1,025,000,000 28,500 1,025,000,001 to 1,050,000,000 29,000 1,050,000,001 to 1,075,000,000 29,500 1,075,000,001 to 1,100,000,000 30,000 1,100,000,001 to 1,200,000,000 30,500 1,200,000,001 to 1,300,000,000 31,000 1,300,000,001 to 1,400,000,000 31,500 1,400,000,001 to 1,500,000,000 32,000 1,500,000,001 to 1,600,000,000 32,500 1,600,000,001 to 1,700,000,000 33,000 1,700,000,001 to 1,800,000,000 33,500 1,800,000,001 to 1,900,000,000 34,000 1,900,000,001 to 2,000,000,000 34,500 2,000,000,000 or more 35,000
(Emphasis added.)
Section 50.343 was enacted by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988) (hereinafter referred to as "Senate Bill No. 431"). Such section is limited in its application to "any first class nonchartered county not containing any part of a city with a population of three hundred thousand or more." Such restriction limits the section to St. Charles County, Jefferson County and Greene County.
In posing your first question in connection with the "maximum" amount granted to certain county officials, you bring to our attention an apparent conflict between Section 50.343 and Section 50.333, RSMo Supp. 1988. Section 50.333 provides in part that "[t]here shall be a salary commission in every nonchartered county." Section 50.333 goes on to set forth the composition of the county salary commission and the manner in which it proceeds to determine the compensation of county officials. Section 50.333 was first enacted in 1987 by Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bill Nos. 65, 133, 178, 216 and 231, 84th General Assembly, First Regular Session (1987). Section 50.333 was amended by Senate Bill No. 431 which also first enacted Section 50.343.
The initial issue to resolve is whether the compensation of the county officials specified in Section 50.343 in the counties to which such section applies shall be based on the schedules contained in such section or whether the county salary commission can adjust such salaries. The plain meaning of the statutory language is to be given effect whenever possible.State ex rel. D.M. v. Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984). When a statute is plain and unambiguous, there is no room for construction and it must be applied by the courts as it was written by the legislature. United Air Lines, Inc. v.State Tax Commission, 377 S.W.2d 444, 448 (Mo. banc 1964). Section 50.343 states that "[o]ther provisions of law to the contrary notwithstanding," the salaries of certain officials in the specified counties "shall be computed on an assessed valuation basis as set forth in the following schedule." The section continues with the schedules for the named officials. The section is clear and unambiguous and contains no exception for an adjustment by the county salary commission. Therefore, we conclude that the salaries of the officials listed in Section50.343 in the specified counties shall be as provided in the schedules set forth in that section without any adjustments by the county salary commission.
With regard to your second question concerning a reduction in compensation for failure to complete classroom instruction each year, Section 50.343 does not contain any provision regarding a reduction in compensation for failure to complete classroom instruction. The salaries of the officials listed in that section in the specified counties shall be as provided in the schedules set forth in that section regardless of whether or not classroom instruction is completed each year.
In summary, it is the opinion of this office that the salaries of the officials listed in Section 50.343, RSMo Supp. 1988, in the counties to which such section applies shall be as provided in the schedules set forth in that section without any adjustments by the county salary commission and regardless of whether or not an official completed any classroom instruction that year.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General