The Honorable Tom McCarthy Senator, District 26 State Capitol Building, Room 331 Jefferson City, Missouri 65101
Dear Senator McCarthy:
This opinion is in response to your question asking:
 Section 302.775(3) states as follows: "any person who drives emergency or fire equipment necessary to the preservation of life or property or the execution of emergency governmental functions under emergency conditions."
 Does this section mean that fire service personnel are totally exempt from the requirement to obtain a commercial driver's license?
From the information included in your opinion request, it appears the issue of concern is whether a fire fighter needs a commercial driver's license to drive an emergency vehicle or fire equipment away from the scene of a fire after the fire has been extinguished and an emergency no longer exists.
Section 302.775(3), RSMo Supp. 1990, which exempts specified individuals from the requirement of obtaining a commercial driver's license, states that:
 302.775. Provisions of law not applicable, when. — The provisions of sections 302.700 to 302.780 shall not apply to:
* * *
 (3) Any person who drives emergency or fire equipment necessary to the preservation of life or property or the execution of emergency governmental functions under emergency conditions;
* * *
In interpreting the statute, a fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain and ordinary meaning of the statutory language should be given effect whenever possible. State exrel. D.M. v. Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984). It must be presumed that the legislature intended an enactment free from absurd consequences. Hyde v. City of Columbia,637 S.W.2d 251, 262-263 (Mo.App. 1982).
The statute does not distinguish between emergency vehicles or fire equipment proceeding to an emergency situation and those returning from an emergency. A common sense interpretation would include the return from an emergency situation as being within the exemption. Otherwise, emergency personnel would be exempt from obtaining commercial driver's licenses while en route to a fire, for example, but would require such a license to return the emergency vehicle or fire equipment to the fire station. The legislature will not be presumed to have intended such an absurd result.
Therefore, we conclude that Section 302.775(3), RSMo Supp. 1990, exempts drivers of emergency vehicles or fire equipment while going both to and from an emergency situation.
CONCLUSION
It is the opinion of this office that pursuant to Section302.775(3), RSMo Supp. 1990, individuals driving emergency vehicles or fire equipment necessary to the preservation of life or property or the execution of emergency governmental functions are exempt from obtaining commercial driver's licenses while driving such vehicles both to and from emergency situations.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General