STATE of Missouri ex rel. Dorothy DAY et al., Appellants,

v.

COUNTY COURT OF PLATTE COUNTY, Missouri, Judge Randy H. Collins, Judge Homer E. Nash, Judge David L. Hall, and James McCollem, Respondents.

No. 25044.

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

Motion for Rehearing and/or Transfer to the Supreme Court Denied June 2, 1969.

Roy Swanson, Dennis J. Brundige, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, for appellants.

James W. Farley, Farley & Mos, Farley, for James McCollem.

JAMES W. BROADDUS, Special Commissioner.

This is an appeal from the order of the Circuit Court of Platte County dismissing the Relators' petition for review of an order of the County Court of that County.

On October 24, 1967, James McCollem applied for rezoning of certain land in Platte County. A public hearing was held by the Platte County Planning Commission on November 14, 1967, after public notice of such hearing. After considering the evidence offered at such hearing the Planning Commission recommended to the Platte County Court that the zoning for the tract involved be changed from District R-1-B to District R-A, subject to certain

restrictions set forth in the recommendation of the Planning Commission. The Commission made a finding.

"That at the time of the Zoning Order of Platte County there was a non-conforming use on said tract and such non-conforming use has continued until this date. Such non-conforming use is hereby found to be a rock quarry, and source of fill dirt and rocks. Such non-conforming use is hereby changed to permit the non-conforming use of a mobile homes and trailer court and it is hereby declared that such a change, in the opinion of the Platte County Planning Commission, represents an improvement in the community."

On November 29, 1967, the County Court unanimously ordered the tract in question re-zoned to District R–A, subject to the same restrictions recommended by the Planning Commission.

On December 19, 1967, Relators, 37 persons who alleged themselves to be owners, lessees or tenants of buildings, structures or land, jointly or severally aggrieved by the order of the County Court, filed in the Circuit Court their petition for review of the order of the County Court and for a writ of certiorari, naming as defendants the County Court of Platte County, but failing to name the appellant, James McCollem, as a defendant.

On January 19, 1968, McCollem filed a motion to dismiss Relators petition for review. In his motion McCollem stated that he was not given any notice of the petition for review until January 13, 1968, when a copy of the petition for review was mailed to his attorney. In his motion he further stated that the failure to so notify him constituted a failure to appeal said order within the time required by law and that failure to give him notice within the time required by law had resulted in great damage to him because certain financial arrangements made to construct the project which would be placed upon the tract involved could not be culminated until the action pending had been resolved; that if such notice had been filed within the required period of time, he would not have been placed in financial jeopardy.

On January 26, 1968, Relators filed a motion for an order adding McCollem as a party defendant. That motion was called for hearing on February 2, 1968, at which time McCollem appeared specially and by his attorney, James W. Farley.

On February 2, 1968, Relators formally requested that McCollem be made a party. This request was granted.

At the February 2nd hearing McCollem testified in support of his motion to dismiss. He stated that his first knowledge of an appeal of the County Court Order dated November 29, 1967, was the early part of January, 1968, "the 8th or 9th, something like that." He also stated that after receiving the order from the Planning Commission he had proceeded to plan the park and had entered into some contracts. He stated that he had entered into a contract to take in an investor who was going to put up $110,000, if the park was started before February 1st. He further stated that it would take time to find another investor and he did not know if he could find another investor "at the same price." In conclusion he stated that he felt that he had been damaged by the delay in notifying him of the appeal.

On March 4, 1968, the Court sustained the motion to dismiss and quashed the preliminary writ of certiorari. Relators have appealed.

Appellants contend that the court erred in dismissing their petition for review because they "had fulfilled the requirements of obtaining judicial review contained in Sect. 64.660 Subd. 2, R.S.M. 1959 [V.A.M. S.]."

That section provides:

"Any owners * * * [of] land * * * aggrieved by any decision of * * * the county court * * * under the provisions of sections 64.510 to

64.690 * * * may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom."

In the. court below Respondent Mc-Collem's position was thus stated:

"Our contention is, under the authorities cited that the *administrative procedure act* provides for notice filing within thirty days, and should be adhered to, and that this notice should have gone out in thirty days, and when they failed to give proper notice that this motion—or this petition should then fail for lack of proper notice to the necessary parties." (Emphasis added)

Sections 536.100 and 536.110 RSMo 1959, V.A.M.S. of the Administrative Procedure and Review Act read as follows:

"Section 536.100: Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in section 536.100 to 536.140, unless some other provision for judicial review is provided by statute. * * *

"Section 536.110: 1. Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue *within thirty days* after the mailing or delivery of the notice of the agency's final decision.

"2. Such petition may be filed without first seeking a rehearing, but in cases where agencies have authority to entertain motions for rehearing and such a motion is duly filed, *the thirty day period aforesaid* shall run from the date of the delivery or mailing of notice of the agency's decision on such motion. No summons shall issue in such case, but *copies of the petition*

*shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record, or shall be mailed to the agency and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case."* (Emphasis ours)

Appellant's brief clearly states their contention. It is: "(1) that the Administrative Procedure and Review Act is not applicable to this situation, but rather sect. 64.660 R.S.Mo. 1959 [V.A.M.S.], governs the procedure for obtaining review: (2) Under Sect. 64.660 there is no thirty-day time limit for filing a petition for judicial review or specification of parties to be joined or notified."

"Section 64.660 contains no thirty-day time limit. It does not contain any requirement of giving specified parties notice of filing the petition for review as does sect. 536.110. All the requirements of sect. 64.660 have been met by the Relators; hence, their petition for review resulted in a valid and effectual proceeding in the Circuit Court and dismissal for noncompliance with Chapter 536 R.S.Mo. 1959 [V. A.M.S.], was error."

Replying to that contention McCollem's brief says:

"This section 64.660 does not state any time limit for such an appeal or for notice thereof. Apparently appellants contend that this allows an aggrieved land owner unlimited time in appealing a decision of the county court rezoning property. If this position is correct, then no applicant for rezoning could ever rely upon such rezoning when obtained because of the possibility of an appeal at a later date. In an age when land transfers occur rapidly and time is of the very essence of economic development of whole counties, such a rule would stifle such development whenever it is connected with a contested rezoning case. No person is going to invest large sums of money in rezoned real estate if he cannot be certain the rezoning has become

final. Modern land use being so dependent upon time as a factor for development, it is submitted that the Legislature intended that there be a time limitation for such an appeal."

■ As is to be seen the Administrative Act (Chapter 536) governs those persons seeking a judicial review, "unless some other provision for judicial review is provided by statute." Sect. 64.660 does provide for judicial review. However, it is not a complete provision for review in that it does not contain any time limit for filing the petition nor does it provide for notice to necessary and indispensable parties.

■ There can be no doubt but that McCollem was a necessary party to the proceedings for review. He was the applicant before the Planning Commission and had by that body been awarded a valuable property right. In 58 Am.Jur. page 1073, Sect. 253, it is stated: "In an appeal by other property owners from a decision of a board of zoning appeals granting a variance to permit a non-conforming use of premises, the applicant for the variation is a *necessary and indispensable party*."

■ Sections 64.660, 536.100 and 536.110 are *in pari materia* and should be construed together. As said by this court In re McArthur's Estate, 240 Mo.App. 435, 207 S.W.2d 546, 550: "Statutes *in pari materia* must be read and construed together in order to keep all provisions of the law on the same subject in harmony so as to work out and accomplish the central idea and intent of the lawmaking branch of our state government."

As said in State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079: "In construing a statute, all statutes applicable to the subject involved must be read and construed together and, if possible, harmonized."

■ The requirement of Sect. 536.110 that notice shall be given to "each party of record" expresses the intention of the Legislature to eliminate any claim of a denial of due process under the state and federal constitutions.

■ The briefs discuss the case of Cohen v. Ennis, decided by this court (314 S.W.2d 239) and by our Supreme Court (318 S.W.2d 310.) That case is distinguishable from the instant case. It involved Sect. 89.110, which sets out the method of obtaining judicial review in zoning of cities, towns and villages. That section, unlike section 64.660, contains a thirty-day time limit for filing for review in the circuit court.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

HOWARD, P. J., CROSS, J. and PHIL COOK, Special Judge, concur.

SHANGLER, J., not participating because not a member of the Court when the case was submitted.