Dear Senator Curls:
This opinion is in response to your question regarding tax abatement in an enterprise zone. You state your question as follows:
 One of my constituents is attempting to construct housing for low and moderate income persons in an area already designated under State law as an Enterprise Zone.
 Assuming the development otherwise qualifies, what is the maximum amount of tax abatement which the governing City authority (the Kansas City, City Council) is authorized to award?
* * *
 My constituent believes this statute [Section 135.215, RSMo 1986] allows tax abatement in certain qualified enterprise zone projects greater than that allowed under Chapter 353 alone. Under the Enterprise Zone Law, the City appears to have discretion to allow up to full 100% tax abatement for the full 25 years. And the City is required to give at least 50% abatement for the first 10 years. Under Chapter 353, there is no such minimum abatement requirement.
Article X, Section 7 of the Missouri Constitution authorizes the legislature to provide for partial relief from taxation of certain obsolete, decadent or blighted areas. Such section provides:
 For the purpose of encouraging forestry when lands are devoted exclusively to such purpose, and the reconstruction, redevelopment, and rehabilitation of obsolete, decadent, or blighted areas, the general assembly by general law may provide for such partial relief from taxation of the lands devoted to any such purpose, and of the improvements thereon, by such method or methods, for such period or periods of time, not exceeding twenty-five years in any instance, and upon such terms, conditions, and restrictions as it may prescribe; provided, however, that in the case of forest lands, the limitation of twenty-five years herein described shall not apply.
Section 135.215, RSMo 1986, implements the above-quoted constitutional provision and permits certain tax abatement for areas declared to be enterprise zones. Such section provides:
 The provisions of chapter 353, RSMo, notwithstanding, upon the designation of any enterprise zone pursuant to section 135.210, all subsequent improvements to real property encompassed thereby which is owned by a revenue producing enterprise as defined in subdivision (5) of section 135.200 shall become and remain exempt from assessment and payment of ad valorem taxes of any political subdivision of this state, or municipality thereof, to the same extent, upon the same terms and conditions and subject to the same discretion of the governing authority as would otherwise apply to property belonging to an urban redevelopment corporation pursuant to the provisions of section 353.110, RSMo, except that at least fifty percent of such ad valorem taxes must be abated for at least the first ten years of such designation, and that all such exemptions shall be removed no later than twenty-five years after such designation.
In addition to the exemption from taxation for subsequent improvements set forth in this section, when real property within the zone changes ownership, the exemption from taxation shall continue to be in force and effect for any real property improvements made by the prior owner.
(Emphasis added.)
Section 353.110, RSMo 1986, relating to urban redevelopment corporations, provides in part as follows:
 1. Once the requirements of this section have been complied with, the real property of urban redevelopment corporations acquired pursuant to this chapter shall not be subject to assessment or payment of general ad valorem taxes imposed by the cities affected by this law, or by the state or any political subdivision thereof, for a period not in excess of ten years after the date upon which such corporations become owners of such real property, . . .
 2. . . . For the next ensuing period not in excess of fifteen years, ad valorem taxes upon such real property shall be measured by the assessed valuation thereof as determined by such assessor or assessors upon the basis of not to exceed fifty percent of the true value of such real property, including any improvements thereon, nor shall such valuations be increased above fifty percent of the true value of such real property from year to year during such next ensuing period so long as the real property is owned by an urban redevelopment corporation and used in accordance with an authorized development plan. After a period totaling not more than twenty-five years, such real property shall be subject to assessment and payment of all ad valorem taxes, based on the full true value of the real property; . . .
(Emphasis added.)
Senate Committee Substitute for House Substitute for House Committee Substitute for House Bill No. 1327, Eighty-Third General Assembly, Second Regular Session, became effective on August 13, 1986. It repealed Section 353.110, RSMo 1978, and Section 99.700, RSMo Supp. 1984, relating to urban redevelopment corporations and enacted in lieu thereof two new sections relating to the same subject. Among other matters, the Missouri General Assembly inserted the phrase "not in excess" in the first sentence of Section 353.110.1 before the words "of ten years". In addition, in the second sentence in subsection 2 of Section 353.110, the Missouri General Assembly inserted the phrase "not in excess" before the words "of fifteen years". Lastly, in the third sentence of subsection 2 of Section 353.110, the Missouri General Assembly substituted the phrase "a period totaling not more than" for the phrase "said period totaling" before the words "twenty-five years". Such changes make it clear that the tax abatement under Section353.110 can be for less than twenty-five (25) years.
Statutes in pari materia must be read and construed together in order to keep all provisions of law on the same subject in harmony so as to work out and accomplish the central idea and intent of the law-making branch of state government.State ex rel. Day v. County Court of Platte County,442 S.W.2d 178 (Mo.App. 1969). It is our opinion that the provisions of Section 135.215, RSMo 1986, authorize tax abatement in accordance with the terms and conditions of Section 353.110, with certain exceptions. In this regard, the tax abatement under the provisions of Section 135.215 applies only to improvements made after the designation of the enterprise zone and applies only to subsequent improvements.
In addition, at least fifty percent (50%) of the taxes on subsequent improvements must be abated for at least the first ten (10) years of such designation. However, in view of the legislative changes in Section 353.110, it is possible for a governing body to grant tax abatement for less than
twenty-five (25) years, but not more than twenty-five (25) years after such designation. As a result, the provisions of Section 135.215 provide only for a minimum abatement. Lastly, the duration of the tax abatement is calculated from the date of the designation of the enterprise zone. Therefore, with the exceptions noted above, we conclude that the tax abatement provisions of Section 353.110, RSMo 1986, are controlling and the provisions of Section 135.215, RSMo 1986, do not permit tax abatement in excess of that permitted under the provisions of Section 353.110, RSMo 1986.
We understand there is no dispute covering the tax abatement during the first ten-year period. This brings us to the question of what is the maximum permissible tax abatement under Section 353.110 for the last fifteen-year period. With respect to this question, the relevant provision in Section353.110.2 provides:
 For the next ensuing period not in excess of fifteen years, ad valorem taxes upon such real property shall be measured by the assessed valuation thereof as determined by such assessor or assessors upon the basis of not to exceed fifty percent of the true value of such real property, including any improvements thereon, nor shall such valuations be increased above fifty percent of the true value of such real property from year to year during such next ensuing period so long as the real property is owned by an urban redevelopment corporation and used in accordance with an authorized development plan. . . .
(Emphasis added.)
The plain meaning of statutory language is to be given effect wherever possible. State ex rel. D.M. v. Hoester, 681 S.W.2d 449,450 (Mo. banc 1984). The words "not to exceed" indicate that an assessed valuation below such amount would be in compliance with the statute. The assessed valuation could be zero; in effect, an abatement of 100 percent.
Therefore, it is our opinion that the governing body of the city may, in its discretion, grant a tax abatement in an enterprise zone for the last fifteen-year period to a maximum of 100 percent of property taxes on subsequent improvements to real property.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General