Dear Representative Auer:
This opinion letter is in response to your question asking:
 For those Harris Stowe State College employees who are members of the Public School Retirement System of the City of St. Louis and elect under Section 104.342.5, RSMo, to become members of MOSERS, is the refund payable to them for accumulated contributions and the payment to MOSERS by the Public School Retirement System of the City of St. Louis for creditable prior service to be determined solely for the period of time after September 1, 1978 while Harris Stowe was a state college or for the entire period for which such person was employed by Harris Stowe, including that period prior to September 1, 1978 while Harris Stowe was owned and operated by the St. Louis Board of Education?
Conference Committee Substitute for Senate Substitute for House Committee Substitute for House Bill No. 713, Eighty-Fourth General Assembly, First Regular Session (hereinafter referred to as "House Bill 713") was passed by the Missouri General Assembly, signed into law by the Governor, and with an emergency clause, became effective on June 19, 1987. Among other matters, this legislation repealed Sections 104.342 and 174.320, RSMo 1986, relating to the participation of employees of Harris-Stowe State College in certain retirement systems and enacted in lieu thereof two new sections relating to the same subject.
The participation of employees of Harris-Stowe State College in various retirement systems was previously set forth in Sections 174.320.1 and 174.320.2, RSMo 1986, which provided as follows:
 174.320. Employees' retirement system provisions. — 1. Any person employed by Harris-Stowe College prior to September 1, 1978, who is a member of the public school retirement system established in sections 169.410 to 169.540, RSMo, shall remain a member of that system. Any employer contributions required to be made by sections 169.410 to 169.540, RSMo, shall be made by the state of Missouri.
 2. Any person employed on or after September 1, 1978, as an instructor, teacher or administrator of Harris-Stowe College is a member of the public school retirement system of Missouri created by sections 169.010 to 169.130, RSMo. Any other person employed on or after September 1, 1978, as an employee of Harris-Stowe College is a member of the Missouri state employees' retirement system established by sections 104.310 to 104.550, RSMo.
Section 174.320, RSMo 1986, was initially enacted in 1978 by Senate Bill No. 703, Seventy-Ninth General Assembly, Second Regular Session (hereafter referred to as "Senate Bill 703"). Senate Bill 703 generally provided for the acquisition of ownership and control and the assumption of administrative and financial responsibility by the State of Missouri for Harris-Stowe College, which had previously been owned and operated by the Board of Education of the City of St. Louis. See Sections 174.300 and 174.310, RSMo 1986 and Laws ofMissouri, 1978, pp. 497-498. Under the provisions of Section174.320.1, RSMo 1986, all persons (including certified and non-certified employees) employed by Harris-Stowe College prior to September 1, 1978 who were members of the Public School Retirement System of the City of St. Louis established by Sections 169.410 to 169.540, RSMo, would remain members of that retirement system. However, under the provisions of Section174.320.2, RSMo 1986, any person employed on or after September 1, 1978, as an instructor, teacher or administrator of Harris-Stowe College (a certified employee) would become a member of the Public School Retirement System of Missouri established by Sections 169.010 to 169.130, RSMo. Any other person employed on or after September 1, 1978, as an employee of Harris-Stowe College (a non-certified employee) would become a member of the Missouri State Employees Retirement System established by Sections 104.310 to 104.550, RSMo.
House Bill 713 repealed Section 174.320, RSMo 1986 and enacted a new section relating to the same subject which reads as follows:
 174.320. Harris-Stowe College, retirement system provision. — 1. Any person employed by Harris-Stowe College prior to September 1, 1978, who is a member of the public school retirement system established in sections 169.410 to 169.540, RSMo, and who did not become a member of the Missouri state employees' retirement system may remain a member of that public school retirement system. Any employer contributions required to be made by sections 169.410 to 169.540, RSMo, shall be made by the state of Missouri.
 2. Any person employed on or after september 1, 1978, as an instructor, teacher or administrator of Harris-Stowe College and who did not become a member of the Missouri state employees' retirement system under section 104.342, RSMo, is a member of the public school retirement system of Missouri created by sections 169.010 to 169.130, RSMo. Any other person employed on or after September 1, 1978, as an employee of Harris-Stowe College is a member of the Missouri state employees' retirement system established by sections 104.310 to 104.550, RSMo.
In addition, House Bill 713 repealed Section 104.342, RSMo 1986, and enacted a new section relating to the same subject which provides in pertinent part as follows:
 104.342. Certain teachers hired by the state to be members, when — election to remain member of public school retirement system, how made, when — effect of failure to make election. —
* * *
 3. Any person who is duly certificated under the laws governing the certification of teachers and who is employed on a full-time basis by Northeast Missouri State University, Northwest Missouri State University, Central Missouri State University, Southeast Missouri State University, Southwest Missouri State University or Harris-Stowe State College to begin employment on or after July 1, 1987, shall be a member of the system from the date on which such employment begins; except that any such person who at the time of such employment has membership in one of the retirement systems established under sections 169.010
to 169.140, RSMo, or sections 169.410 to 169.540, RSMo, may make an election to continue in that retirement system if such election is made within thirty days of the date on which such employment begins.
* * *
 5. . . . any person employed in any of the positions described in subsection 3 or 4 of this section immediately prior to and on June 30, 1987, or any person employed by Harris-Stowe State College under subsection 1 of section 174.320, RSMo, on or before June 30, 1987, who is not duly certified as a teacher and who is a member of the public school retirement system established in sections 169.410 to 169.540, RSMo, may elect, in writing to:
 (1) Become a member of the Missouri state employees' retirement system effective January 1, 1988. Any person who, by virtue of an election made under this subdivision, becomes a member of the Missouri state employees' retirement system and shall be entitled to creditable prior service for service rendered in any of the positions described in subsections 1, 3, and 4 of this section or for service rendered as an employee of Harris-Stowe State College under subsection 1 of section 174.320, RSMo. Any person who so elects shall be eligible, upon written request filed with the appropriate public school retirement system under chapter 169, RSMo, to receive a refund of his accumulated contributions for the creditable service in any of the positions described in subsections 1, 3, and 4 of this section or the creditable service rendered as an employee of Harris-Stowe State College under subsection 1 of section 174.320, RSMo, including interest of at least six percent and upon payment of such refund, that public school retirement system shall pay to the state employees' retirement system on or before June 30, 1988, an amount equal to the amount paid that public school retirement system as established under sections 169.010 to 169.140, RSMo, on behalf of each member so electing by his employer for such service, or that public school retirement system established under sections 169.410 to 169.540, RSMo, shall pay to the state employees' retirement system on or before June 30, 1988, the lesser of an amount equal to that paid that public school retirement system in accordance with section 169.500, RSMo, for each member so electing for such service, or an amount actuarially determined to be sufficient to fund benefits earned under sections 169.410 to 169.540, RSMo, for the creditable prior service less the contribution refunded to the member under this subsection. This amount shall be determined by an actuary employed or retained by the Missouri state employees' retirement system; or
 (2) Continue as a member of the appropriate public school retirement system under chapter 169, RSMo. Any person entitled to make the election provided by this subsection who does not make such election, in writing, by December 31, 1987, shall be deemed to have elected to be governed by subdivision (1) of this subsection.
* * *
 7. Notwithstanding any provisions of chapter 169, RSMo, to the contrary, any member who becomes a member under the provisions of subsection 2, 5, or 6 of this section and who has creditable service with a public school retirement system under that chapter because of employment with any employer other than those defined in subsection 1, 3, or 4 of this section shall immediately vest in that public school retirement system and upon attainment of the minimum retirement age of that system shall be entitled to a monthly benefit based on such creditable service and the law in effect at that time, provided the person does not elect to withdraw his accumulated contributions for such creditable service from that public school retirement system.
The primary rule in statutory construction is to ascertain and give effect to legislative intention. Missouri PacificRailroad Company v. Kuehle, 482 S.W.2d 505 (Mo. 1972). In addition, statutes in pari materia must be read and construed together in order to keep provisions of law on the same subject in harmony so as to work out and accomplish the central idea and intent of the lawmaking branch of state government. Stateex rel. Day v. County Court of Platte County, 442 S.W.2d 178
(Mo.App. 1969).
It is our opinion that the provisions of Sections 174.320
and 104.342 of House Bill 713 when harmonized, provide that any person who is an employee of Harris-Stowe State College and who has membership in Public School Retirement System of the City of St. Louis (hereinafter referred to as "PSR") or the Public School Retirement System of Missouri (hereinafter referred to as "PSRS") could elect to either remain in PSR or PSRS or elect to become a member of the Missouri State Employees Retirement System (hereinafter referred to as "MOSERS"). This is true without regard to teacher certification or nature of duties. The election was to be made prior to December 31, 1987, and if the person failed to make any written election, he or she is deemed to have elected MOSERS membership. For those individuals who elected to become members of MOSERS on January 1, 1988, they will be entitled to receive creditable service with MOSERS for all of their state service and will also receive a refund of their contributions from PSR or PSRS for that service plus interest of at least six percent (6%). PSR or PSRS shall then pay to MOSERS on or before June 30, 1988, an amount equal to the amount paid PSR or PSRS on behalf of each member so electing by his or her employer for such service. All other non-state service accrued under PSR or PSRS will be immediately vested and these employees will receive a benefit check from PSR or PSRS upon normal retirement age under PSR or PSRS.
The State of Missouri assumed financial responsibility for Harris-Stowe State College on July 1, 1978 under the provisions of Section 174.310.3 as enacted in 1978. Further, under the provisions of Section 174.320 as enacted in 1978, any person employed by Harris-Stowe State College prior to September 1, 1978 who was a member of PSR remained a member of that system. At such time the State of Missouri under the provisions of Section 174.320.1 also assumed responsibility for any employer contributions that were required to be made to PSR. Therefore, it is our view that for those employees of Harris-Stowe State College who elected to become members of MOSERS on January 1, 1988, they will be entitled to receive creditable service with MOSERS and a refund of their accumulated contributions and interest from PSR for the period of time after September 1, 1978 when the State of Missouri assumed financial responsibility for Harris-Stowe State College. PSR shall then pay to MOSERS on or before June 30, 1988, an amount equal to the amount paid PSR on behalf of each member so electing by his or her employer for such service. All other non-state service accrued by employees of Harris-Stowe State College under PSR will be immediately vested and these employees will receive a benefit check from PSR upon normal retirement age under PSR.
In conclusion, it is our opinion that for those employees of Harris-Stowe State College who are members of PSR and who elected under the provisions of Section 104.342.5 of House Bill 713 to become members of MOSERS, the refund payable to them for accumulated contributions and interest and the payment to MOSERS by PSR for creditable prior service is to be determined for the period of time after September 1, 1978 when the State of Missouri assumed financial responsibility for Harris-Stowe State College.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General