**Marvin SANDWEISS and Phyllis Sandweiss, Petitioners/Appellants,**

**v.**

**The BOARD OF ADJUSTMENT OF the CITY OF ST. LOUIS, Defendant/Respondent.**

No. 59107.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 1991.

Sanford Goffstein, St. Louis, for petitioners/appellants.

James J. Wilson, David Bohm, St. Louis, for defendant/respondent.

GRIMM, Judge.

Petitioners Marvin and Phyllis Sandweiss appeal from the circuit court's order sustaining respondent Board of Adjustment's motion to quash writ of certiorari and dismiss petition. The Board's motion alleged violation of the statute of limitations, as well as laches. We affirm; the running of the statute of limitations deprived the circuit court of jurisdiction.

## I. Background

The underlying dispute began June 22, 1988. At that time, the city's building inspector sent written notice to the petitioners that their auto body shop was being used for auto salvage, a violation of the applicable zoning code. The petitioners appealed this determination to the Board. The Board heard the appeal on August 17, 1988; petitioner Marvin Sandweiss and his attorney appeared.

---

On September 13, 1988, the Board issued findings of fact and conclusions of law, and an order. The Board found the property was being used in violation of the zoning code, and sustained the Building Inspector's decision.

On October 13, 1988, the petitioners timely filed their petition. The petition, after reciting the above facts, prayed "the Court that a Writ of Certiorari issue directed to the Board commanding it within ten (10) days after service thereof to certify to this Court its entire record in the matter in which this appeal has been taken."

Over a year elapsed before the Board received notice that a petition had been filed. On November 1, 1989, the Board received a copy of the petition in the mail. However, a Writ of Certiorari was not issued until April 11, 1990. The Writ was served on the Board on May 7, 1990.

The Board responded with a motion to quash and to dismiss. The Board alleged that the filing of the petition "acted to only conditionally toll the running of the thirty day statute of limitations for filing such a petition. Petitioners' failure to take any action to have a writ issue pursuant to such petition for a period of approximately 15 months subsequent to filing thereof was unreasonable and without excuse." In addition, the Board claimed the suit is barred by laches. The motion was sustained.

## II. Statute of Limitations

Petitioners' sole point on appeal alleges the circuit court erred in sustaining the Board's motion because the Board "had actual notice that said appeal was pending." The only "support" for this contention is a statement in their brief that "counsel for petitioners discussed the filing of their Petition with the City of St. Louis prior to, and subsequent to, September 13, 1988, at certain hearings scheduled in the City Courts Building."

There is no evidence in the record furnished to us which supports the allegation of actual notice. On the other hand, an affidavit of the Board's secretary was attached to the Board's motion. It reflects the secretary is the person who receives all process directed to the Board or its members. The secretary stated the first notice the Board had was when he received the November 1, 1989 mailed copy of the petition.

The parties agree the appeal is controlled by § 89.110.[*] This section permits the filing of a petition within thirty days after the Board's decision. Upon presentation of the petition, a writ of certiorari is issued to the Board, directing it to file its record within a specified time period.

Section 89.110 should be read in *pari materia* with § 536.110 of the Administrative Procedure and Review Act. *State ex rel. Henze v. Wetzel*, 754 S.W.2d 888, 895 (Mo.App.E.D.1988). In doing so, however, we first look to the specific section, § 89.-110, before utilizing § 536.110 to supplement any inadequacies. *See State ex rel. State Tax Comm'n. v. Luten*, 459 S.W.2d 375, 378 (Mo.banc 1970); Rule 100.01.

Section 89.110 provides that a writ of certiorari be directed to the board of adjustment. A function of the writ is to bring the board's record before the circuit court. *State v. Bledsoe*, 426 S.W.2d 737, 740 (Mo.App.E.D.1968). Section 89.110 further directs the circuit court to prescribe in the writ "the time within which a return thereto must be made ... which shall not be less than ten days and may be extended by the court."

Thus, § 89.110 instructs: (1) the circuit court is to issue a writ of certoriari; (2) the writ is "directed" to the board of adjustment; and (3) the circuit court determines the time when the record must be filed. Section 89.110, however, does not specifically say how a board of adjustment is to learn of the petition and the writ. Pursuant to *Wetzel, Luten,* and Rule 100.01, we look to § 536.110 for direction.

Section 536.110 directs that a copy of the petition be delivered or mailed to "the agency and to [each party of record] or his [attorney of record]." In *Wetzel,* this court held it was "jurisdictional that the agency

* All statutory references are to RSMo 1986.

and each party of record be notified personally or by registered mail of the petition for review filed by an aggrieved party." *Wetzel*, 754 S.W.2d at 895.

In order for the board of adjustment to know when it must file the record, it is implicit that it receive a copy of the writ of certiorari. As with the petition, the writ either may be delivered to the board or sent by registered mail. Here, the petition was received more than a year after the petition was filed. And the writ of certiorari was not served on the Board until approximately nineteen months after the filing of the petition.

█ Having resolved the procedural requirements, the narrow issue presented is whether the petition is barred by the statute of limitations due to the delay in mailing the copy of the petition to the Board and serving the writ upon it. The timely filing of a § 89.110 petition tolls the thirty-day statute of limitations. However, continued suspension of the limitation period is conditioned upon due diligence being exercised by petitioners in delivering or mailing the petition and writ. *See U.S. Laminating Corp. v. Consol. Freightways Corp.*, 716 S.W.2d 847, 848 (Mo.App.E.D.1986). If petitioners do not use due diligence, the statute continues to run and the petition will be barred. *Wriedt v. Charlton*, 689 S.W.2d 788, 789 (Mo.App.W.D.1985).

Whether due diligence is exercised is determined on a case-by-case basis. Factors to be considered include the length of the delay, the length of the statute of limitations, available means of getting service, prejudice from the delay, and other pertinent facts. *Franklin v. Bd. of Directors*, 772 S.W.2d 873, 885 (Mo.App.W.D.1989).

█ Here, the period of delay was lengthy, more than eighteen months. Although the statute of limitations is short, the means for obtaining service, either by registered mail or personal service, are easy. The Board has a regular office, thus making it readily available for service.

Further, an affidavit was filed with the motion to quash writ and to dismiss. It relates that the court reporter retains tapes of Board proceedings for only six months after the date of the Board's decision. Consequently, the reporter had disposed of the tapes, so a record is not available. In addition, the petitioners have offered no explanation for their delay in mailing the petition and causing the writ to be issued. The trial court's finding of lack of due diligence is entitled to deference and is not against the weight of the evidence. *See U.S. Laminating Corp.*, 716 S.W.2d at 848. Point denied.

Because we decide the appeal on the statute of limitations violation, we do not reach the issue of laches. The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.