**Greg WOLFNER and Teri Wolfner,**
**Respondents,**

v.

**BOARD OF ADJUSTMENT OF**
**THE CITY OF WARSON**
**WOODS, Appellant.**

**No. ED 77925.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 6, 2001.

Paul V. Rost, St. Louis, MO, for appellant.

Katherine S. Walsh, Chesterfield, MO, and David M. Stolze, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

The Board of Adjustment of the City of Warson Woods ("the board") appeals the judgment of the trial court reversing a denial of an application for a variance. We reverse and remand.

In 1939, Willard Trower ("Trower") purchased a home at 1659 Dearborn. In 1941, the current zoning ordinances requiring lots to be 8,750 square feet in area and 70 feet wide were adopted by the City of Warson Woods, then the City of Royal Oak. Even though Trower's home did not meet the zoning requirements, he had a lawful nonconforming use because his home was built prior to the zoning regulations. In 1945, Trower purchased the adjacent lot, which similarly did not meet the zoning requirements. The vacant lot was used as a side lot for fifty years. In 1995, Ms. Trower sold the principal lot but retained ownership of the lot that was previously used as a side lot.[1] An attempt was made by the buyer of the principal lot to also purchase the side lot. In addition, joint attempts were made by neighbors to purchase the side lot.

In 1997, Ms. Trower requested a variance from the board in order to sell the side lot to a homebuilder. The variance is needed in order to build a home on the side lot because the side lot does not comply with the zoning requirements measuring 7,500 square feet in area and 60 feet in width. The board denied the request because she had created her own practical difficulties by not selling the side lot with the principal lot. The trial court affirmed the denial of the variance.

On February 24, 1998, Greg and Teri Wolfner ("the Wolfners") acting as agents for Ms. Trower, applied for a building permit for the side lot. The city's application procedure required the applicant to contact the abutting property owners and advise them of the application. The Wolfners complied with this procedure by mailing certified letters to the adjoining property owners. The building commissioner denied the request, relying on violations of the zoning requirements. Denial of the building permit was appealed to the Board of Adjustment asking that a variance be granted so that a building permit could be issued. Three abutting landowners testified at the hearing. The board denied the Wolfners' petition for a variance. On January 20, 1999, the Wolfners filed a petition for writ of certiorari to the Circuit Court of the County of St. Louis. Abutting property owners who testified at the hearing were never given notice of the appeal to the circuit court. The circuit court reversed the decision of the board. The board then filed this appeal.

█ The board presents five points on appeal, but the first point is dispositive. The board contends that the trial court erred in hearing the matter because it lacked subject matter jurisdiction. The board claims that the Wolfners were required by section 89.110 RSMo (Supp. 1998) to give notice of the application for writ of certiorari to abutting property owners. We agree.

█ Section 89.110 RSMo provides: Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, any neighborhood organization as defined in section 32.105,

---

1. Ms. Trower was formally named on the title in 1987.

RSMo, representing such person or persons or any officer, department, board or bureau of the municipality, may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality.

No notice provision is specifically included in section 89.110. Because section 89.110 fails to include a notice provision, we look to section 536.110 to supplement the inadequacy. *See State ex rel. State Tax Comm'n v. Luten*, 459 S.W.2d 375, 378 (Mo. banc 1970). We read section 89.110 in *pari materia* with section 536.110 RSMo 1994. *State ex rel. Wrenn v. Board of Zoning Adjustment of Kansas City*, 923 S.W.2d 423, 424 (Mo.App.1996); *Sandweiss v. Board of Adjustment of City of St. Louis*, 811 S.W.2d 48, 49 (Mo.App.1991); *Drury Displays, Inc. v. Board of Adjustment of City of St. Louis*, 781 S.W.2d 201, 203 n. 1 (Mo.App.1989). Section 536.110 states:

> No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record, or shall be mailed to the agency and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case.

As section 536.110 directs, a copy of the petition must be delivered or mailed to the agency and to each party of record. *Sandweiss*, 811 S.W.2d at 49. A party must receive notice that a petition for judicial review has been filed because a party who was a participant at the administrative level is entitled to recognition of its due process rights. *Williamsburg Truck Plaza v. Muri*, 857 S.W.2d 534, 537 (Mo. App.1993).

Here, the Wolfners failed to notify abutting landowners who were parties of record in the writ of certiorari proceeding. Abutting property owners to the south, north and west of the side lot appeared and testified at the administrative hearing and therefore should have been given notice of the writ of certiorari proceeding.

The Wolfners argue that the Administrative Procedure Act is not applicable to an agency decision that is reviewable by writ of certiorari. They rely on *State ex rel. Nance v. Bd. of Trustees for the Firefighters' Retirement Sys. of Kansas City, Mo.*, 961 S.W.2d 90 (Mo.App.1998). *Nance* is distinguishable. *Nance* is an employee benefits case where the court of appeals held that a petition for review under section 536.150 was improper because review was available through writ of certiorari. *Nance*, 961 S.W.2d 90, 95. *Nance* addresses section 536.150, but fails to address the notice required by construing section 89.110 and 536.110 in *pari materia* as several Missouri cases have held appropriate in zoning cases. *See Wrenn*, 923 S.W.2d at 424; *Sandweiss*, 811 S.W.2d at 49; *State ex rel. Henze v. Wetzel*, 754 S.W.2d 888, 895 (Mo.App.1988).

"It is jurisdictional that the agency and each party of record be notified personally or by registered mail of the petition for review filed by an aggrieved party." *Wetzel*, 754 S.W.2d at 895. If a party of record is not notified, the trial court lacks jurisdiction. *Id.* Because the abutting landowners were parties of record to the administrative proceeding and were not given notice of the subsequent application for writ of certiorari, the trial court was without jurisdiction to enter its judgment in this case. "Timely filing of a section 89.110 petition tolls the thirty-day statute of limitations." *Sandweiss*, 811 S.W.2d at 50. "However, the continued suspension of the limitation period is conditioned upon due diligence being exercised by petitioners in delivering or mailing the petition and writ." *Id.* We remand to the trial court to determine whether the petition is barred by the statute of limitations for failure to exercise due diligence in giving notice to the abutting property owners. *Id.*

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

CRANDALL and JAMES R. DOWD, JJ., concurs.